Totten, J.,
delivered the opinion of the court.
This action, in trespass, was commenced before a justice of Wayne county, and judgment having been rendered by him for the plaintiff, the defendant appealed to the circuit court. At the February term, 1850, of said circuit court, there was an order made, on motion of defendant, changing the venue of the cause to the circuit court of Lewis. And a similar order was made by the same court, September term, 1850, changing the venue to the circuit court of Lewis. In each of these orders, it is directed, that the “clerk make a full and complete *194 transcript of all the proceedings had in this cause before the justice of the peace and in said circuit court, and file the same with the clerk of the circuit court of Lewis, on or before the next term of that court.”
At July term, 1851, of the circuit court of Lewis, the cause was, on motion, stricken from the docket, for want of jurisdiction, because not the original papers, but a transcript only thereof, was filed in said court, and judgment was thereon entered against the plaintiff for costs, from which he has appealed in error to this court.
The transcript filed, was in conformity to the order of the circuit court of Wayne. It ordered a transcript, and not the original papers to be transmitted. If the clerk of that court had failed or refused to comply with an order, changing the venue, and the papers in the cause had not been transmitted and filed, it would have been competent, on inspection of the order changing the venue, to make an order on the clerk to comply therewith, or to send a certiorari for such portion of the record or papers as had not been transmitted and filed. This power must necessarily result from the order changing the venue. The effect of the order is, to oust the court making it, of any further jurisdiction in the cause, either to try it or for any other purpose, and the jurisdiction forthwith vests in the court to which the venue is changed. The court must, therefore, have power to enforce its jurisdiction, by ordering the clerk, who is the keeper of the records, to supply any defect or omission that may appear in them, otherwise there would be no jurisdiction any where to make this requisition. See State vs. Calhoun, 8 Humph.
But the clerk could only be required to comply with the order changing the venue, and in the present case, the order requires him to file a transcript, and not the original papers; the original papers could not, therefore, be procured under this order.
*195 The act of 1809, ch. 49, sec. 17, provides, that when a change of venue in any suit shall be allowed, the trial thereof shall be adjourned to an adjoining county, free from exception. The cause must be at issue, and ready for trial by jury, and the venue is changed, that a fair and impartial trial by jury may be had. It does not remain for any purpose a suit in the court, making the order, — it does not remain of record of that court. The original papers or pleadings in the cause, as made up by the parties, and forming the issue to be tried, are to go with it, together with a transcript of all such rules and orders as have been made or taken before the change of venue. These, together, constitute a record of the court, to which the venue is changed.
Now, in the present case, the order changing the venue did not order or empower the clerk to transmit the original papers in the suit, but by directing a transcript to be made, impliedly prohibited him from so doing. We have seen, also, that for the same reason, the circuit court of Lewis had no power to order the original papers to be filed.
We are of opinion, therefore, that the order was invalid, ■and that the venue of the cause was not changed or affected thereby, but that it remained, and yet remains, properly in the circuit court of Wayne, subject to be proceeded in, in that court.
The circuit court of Lewis having no jurisdiction of the cause, it was error to render judgment against the plaintiff for costs. It could only strike the cause from its docket. The judgment of the circuit court of Lewis will, therefore, be reversed, and the cause remanded to the circuit court/of Wayne, to be further proceeded in.