INHABITANTS OF SACO *versus* GURNEY.

An unqualified repeal of a penal statute, upon which a pending action was founded, extinguishes the suit; and no costs are recoverable by either party.

HOWARD, J. — This suit was brought for the penalty provided by the Act of 1850, chap. 202, for the unlawful sale of spirituous liquors, and was pending at the passage of the Act of June 2, 1851, chap. 211. By section 18, of the Act last mentioned, the former was repealed, without any reservation or saving clause, as to actions then pending.

The right of the Legislature to repeal the Act without a saving clause is indisputable; nor can it be questioned, that the repeal operated as a bar to the further prosecution of all suits pending under that Act. It took from the Courts their power and⋅ jurisdiction, and from the parties all prospective rights to appear and continue the proceedings in such suits. *Miller's case*, 1 W. Black. 451; *Yeaton v. The United States*, 5 Cranch, 281; *The United States v. Preston*, 3 Peters, 57; *Springfield v. The Commissioners of Highways*, 6 Pick. 501; *Commonwealth v. Marshall*, 11 Pick. 350; *Commonwealth v. Kimball*, 21 Pick. 373; *Thayer v. Seavey*, 11 Maine, 284; *Cummings v. Chandler*, 26 Maine, 453.

The Judge of the District Court ordered the action to be dismissed, at the February term, 1852, without costs. The defendant filed exceptions, and the question now presented is, whether he was entitled to costs upon the dismissal of the action.

By the R. S. chap. 115, sect. 56, it is provided, that "the party prevailing shall be entitled to his legal costs."

If an action be dismissed for want of jurisdiction, or for any legal cause, in which a party finally prevails in the suit, he will be entitled to costs, under the statute, as the *prevailing party*. *Greenwood v. Fales*, 6 Maine, 405; *Reynolds v. Plummer*, 19 Maine, 22; *Harris v. Hutchins*, 28 Maine, 103; *Whitney v. Brown*, 30 Maine, 557; *Sweetser v. Kenney*, 31 Maine, 288; *Turner v. Putnam*, 31 Maine, 557;

*Carey* v. *Daniels*, 5 Met. 239; *Jordan* v. *Dennis*, 7 Met. 590; *Hunt* v. *Hanover*, 8 Met. 345; *Gray* v. *The Lowell and Lawrence Railroad Co.* 4 Cush. 609.

But when the Act, on which a suit pending is founded, is summarily repealed, and a complete bar to all further proceedings in the suit thereby interposed, by the Legislature, then all voluntary control or agency of the parties, in the disposition of the cause, is ended *vi majori,* and neither can be regarded as the prevailing party. In such case the Court cannot render judgment for either party, but can only dismiss the action from the docket. When the repealing act took effect neither party had a right to costs, and after that, neither was in a position to claim or receive them, legally. *Thayer* v. *Seavey,* 11 Maine, 284.

*Exceptions overruled, — Action dismissed.*

*Emery & Loring,* for the plaintiffs.

*Shepley & Hayes,* for the defendants.