## SUPREME COURT.

HENRY J. HUMISTON, respondent, agt. WILLIAM BALLARD, appellant.

Where on appeal from a justice's judgment a new trial is had in the county court, and the county court erroneously orders the defendant's exceptions taken on the trial, to be heard in the first instance at the general term of the *supreme court*, the plaintiff, cannot recover his *costs* on dismissal of the cause at the general term of the supreme court, although he be entitled to costs on the final result of the action. (*Reversing S. C., at special term on this point*, 39 *How.*, 93.)

The Code (§371) allowing costs to the appellant on appeal from a justice's judgment, "provided however that the appellant shall not recover costs unless the judgment appealed from be reversed on such appeal, or be made more favorable to him, to the amount of at least $10," does not authorize the allowance of *interest* on the former judgment, in estimating the difference between that and the latter judgment in settling the amount, as more favorable to the appellant. (*Affirming S. C., at special term, on this point*, 39 *How.*, 93.)

*Argued at Binghamton General Term, May, 1870, and decided at the Clinton General Term at Plattsburgh, July Term, 1870.*

*Before, MILLER, Presiding Justice; POTTTER and PARKER Justices.*

THIS is an appeal from an order at special term in the sixth judicial district, affirming the taxation of costs by the clerk of Cortland County. The action originated in a justice's court and was upon contract. The plaintiff recovered in the justice's court $80, besides costs. An appeal was taken to the county court, and a trial resulted in a verdict for the plaintiff for $90. From this an appeal was about to be taken to the supreme court, and a case with exceptions was made for that purpose. The county court of Cortland thereupon made an order, that the exceptions be heard in the first instance, at a general term of the supreme court. It

was placed upon the calendar of the general term of the supreme court, and submitted upon points and briefs. The general term held, that the case could not be heard in that court, upon such an order of the county court. And refused to entertain the case. The plaintiff then perfected judgment in the county court. The defendant then appealed to the supreme court, upon said case and exceptions, and obtained a reversal of the judgment and a new trial. The then county judge, being disqualified by reason of having been counsel, certified the cause into the supreme court, and the action was again tried at a circuit, and a verdict for the plaintiff for $75. On this verdict, plaintiff noticed his costs for adjustment before the clerk. The defendant appealed from this adjustment, and claimed that a $75 verdict at that time, was more than $10 more favorable to the defendant than the $80 verdict with interest thereon, had in the justice's court, and claimed costs in favor of the defendant. In the plaintiff's bill as taxed by the clerk, was $70, the costs in the supreme court at general term, when the case was sent there by the order of county court, which was specially objected to by the defendant, on the ground that it was dismissed by the supreme court for being irregularly there, not on appeal, and that the supreme court had made no order for costs. The appeal from such taxation was heard at special term of the supreme court, and the taxation or adjustment of the clerk, affirmed, and the case is now before us upon an appeal from this order of special term. Some other questions arose in the case which will sufficiently appear in the opinion.

H. BALLARD, *for plaintiff.*
A. P. SMITH, *for defendant.*

*By the court,* POTTER, J.—We must accept as the law of this case, that the general term correctly dismissed the case

as being there without authority, or in other words, that court had no jurisdiction to give a judgment between the parties, and they gave none. The only judicial act, that court could perform in the case was to dismiss it. Costs now in all cases are the creation of the statute, and they are given or withheld as the statute directs. Of course, if the court has no jurisdiction to render a judgment, and having omitted to award costs, even the costs of a motion, it follows if any costs of that proceeding are recoverable, it must be by reason of some positive regulation of the statute. (*King* agt. *Poole*, 36 *Barb.*, 247.) But it must be conceded that the rule applies only to that class of cases, where the want of jurisdiction appears upon the face of the proceedings, as it did·in this case. There is a class of cases, however, in which the proceedings are in the form prescribed by law; where the court below had no jurisdiction of the subject matter, and where the statute provided the form of appeal to this court, and even to the court of appeals to have it declared that the court below had no jurisdiction in which the courts do possess the power to award judgment and costs. Such was the case of *Kundolf* agt. *Thalheimer*, (2 *Kern.*, 593,) where the county court assumed civil jurisdiction under the constitution of 1846, and kindred cases. The Code, section 344, expressly provides for such cases; they created apparent liens upon property of defendants, sufficient to protect ministerial officers in enforcing the same by execution. The distinction between the cases is apparent. In the case we are reviewing, it was not in this court by any proceeding known to the law. It is very clear to me that this court then possessed no power to award costs in an action, all that time depending in the county court, and it is not before us to decide whether they might have granted the costs of a motion to dismiss the case. They made no order as to costs. It is just as clear to me that neither the county clerk of Cortland, nor the county court of that county had

the power to order costs accruing in the supreme court, to be added to a judgment in the county court of Cortland In the certifying an action in the county court to the supreme court for the reason, that the county judge is incapable of trying it, as in this case, though, for the purpose of trial, the jurisdiction is vested in the supreme court, yet, for this purpose, the judge at the circuit is but the substitue for the county judge, and the proceedings therein are to be the same as might have been had in the county court, if such cause or matter had remained therein. But it is not in regard to the costs of the circuit, that any question arises. This point of the case is simply stated thus: The county court without legal authority, ordered the case while depending in it, and never having legally been removed from it, to be heard at general term of the supreme court. When it came there, the general term said it was improperly there, and refused to hear it, and entered no judgment upon it for costs or otherwise, but entered a mere order dismissing it from that court. Then, the question is, can costs be taxed against the defendant the same as if the action had been legally pending in that court? By what statute then, are these costs allowed? The plaintiff has charged at the rate provided in subdivion 5 of section 307 of the Code. But this subdivision allows costs only in cases of *appeal.* This was not an *appeal,* and that section does not apply to the case, and no provision in the Code, in regard to costs, is found applicable to this case; and this difficulty is increased by the fact that the general term of the supreme court, neither reversed or affirmed the case, or themselves made an order for costs. Indeed, an order from that court allowing costs not provided for in the Code, would have been without authority. The special term whose order we are reviewing, does not place his decision upon any provision of statute, or upon any precedent or adjudication; but, upon a kind of *quantum meruit,* for services actually

performed, upon the ground that the illegal order of the county court was made at the suggestion or request of the defendant's counsel; and he concludes that the court not having power to make such an order, *"does not deprive the opposite party of his costs incurred in the proceedings under said order,"* with all due defference, I cannot concur in this holding. The fee bill provided by the Code, is confined to proceedings conducted according to its provisions *and for no other*. The rule of the special term makes a new fee-bill not known to the Code, and not known to legal and legitimate proceedings in an action under it—a rule that might be very convenient for bunglers in practice, to secure compensation for services in all cases of mistake, or even of designed wrong. Suppose the county court of Cortland county, had sent the case directly to the court of appeals instead of the supreme court. It had equal power to do so. The compensation in the court of appeals is still better for the prevailing party. The order of the special term, would have been equally legal and sound to have allowed the costs of the court of appeals in the supposed case. Equally, so had the county court ordered the case to an arbitration. The prevailing party might have performed an equal amount of labor; but can the clerk, or the court allow costs for such illegitimate services? The legal presumption is, that every man knows the law; this presumption ought not to be destroyed when applied to lawyers. The plaintiff had a plain method provided by law to get rid of this illegal order by proceedings known to the practice; and for which the Code allows compensation. He could have applied to have this illegal order vacated, and if denied, the Code furnished a remedy by appeal to this court. These would be legitimate services for which the fee bill of the court would allow compensation. This was the true remedy. In this regard, the rule adopted by the clerk, and special term, was error.

The defendant has raised another point in the appeal,

that the judgment in the county court of $75, is more favorable to him by an amount exceeding $10, than the verdict of $80 in the justice's court; that is the action being one upon contract, casting interest upon the $80 judgment, there is more than $10 in favor of the last judgment. I do not think the legislature in the enactment of the 371st section of the Code, in referring to the judgment to be appealed from, intended to refer to it as a judgment to be afterwards increased by interest; but the judgment as it was at the *time* the party appealed from it. As it was then a judgment of $80, a subsequent judgment of $75 was not $10 more favorable. Although, for some purposes, interest is the incident, and becomes a part of the judgment, for other purposes it does not. By a provision of the Revised Statute, vol. 2, *p.* 364, § 9, interest on judgments like costs, are directed to be indorsed on the execution from the date of recovery the same. I think, the judgment independent of interest, is intended as the test of difference between judgments. Bnt the rule *stare decisis* is invoked as controlling in the sixth judicial district, where the case originated. I feel bound by that, until reviewed by a higher court. This being so, I do not feel bound to discuss the point, whether or not, the notice of appeal brings the defendant within the provisions of the 371st section of the Code, as amended in 1866. The result is, that the order of the special term, should be modified by striking out of the plaintiff's bill of costs, $70, charged for the costs of the argument in general term of the supreme court, when the case was irregularly there, with $10 costs of this motion, and $10 costs at special term, to defendant on this appeal.