BANGOR & PISCATAQUIS R. R. Co., petitioners, appellants from decision of County Commissioners, *vs.* CALVIN CHAMBERLAIN.

*Losing party—who is.*

R. S., c. 51, § 8, provides that when an appeal is taken from the county commissioners' estimation of damages for land taken by a railroad corporation, ' the losing party is to pay the cost thereon.'

On the written application of a railroad corporation, the county commissioners estimated the damages for the defendant's land taken, at $650; and on appeal by the corporation, the jury estimated them at $435. *Held*, that the corporation was the losing party, and liable for costs.

ON FACTS AGREED.

The petitioners made written application to the county commissioners, to estimate the defendant's damages for land taken for the location of the petitioners' railroad; and after due proceedings, the commissioners estimated them at the sum of six hundred and fifty dollars, and made their return thereof in July, 1871. Thereupon the petitioners appealed. And after due proceedings, the jury estimated the damages at $435, and rendered their verdict accordingly, which was duly returned and confirmed.

Neither party made any objections to the acceptance of the report of the person who presided at the hearing before the jury, nor to the acceptance of the verdict.

Both parties claimed costs, and reported the case to the full court to determine which was the losing party.

*Robinson & Hudson*, for the petitioners.

*Josiah Crosby*, for the defendant.

WALTON, J. The damages occasioned by the taking of land for railroad purposes are to be estimated in the first instance by the county commissioners. If dissatisfied, either party may appeal and have the damages re-assessed by a jury. ' When an appeal is

taken, the losing party is to pay the cost thereon.' R. S., c. 51, § 8.

In this case the damages were first estimated by the county commissioners. The railroad company was dissatisfied, and appealed. They were then re-assessed by a jury. The county commissioners estimated the damages at $650; the jury at $435. Which party recovers costs? The statute says that the losing party shall pay costs. Which was the losing party? In other words, which was the prevailing party?

We think the land-owner, who made and successfully maintained his claim for damages, was the prevailing party.

True, he did not recover at the second trial so large a sum as at the first. But to be a prevailing party does not depend upon the amount recovered. The party who sues for ten thousand dollars, and recovers but one, has always been regarded as the prevailing party. Nor does it make any difference how many trials there may have been. If there should be two trials in an action pending in this court, and the plaintiff should recover ten thousand dollars at the first trial, and but one thousand at the second, still he would be regarded as the prevailing party. Nor does it make any difference that the trials were before different tribunals. In an action brought before a magistrate, if the plaintiff should there recover twenty dollars, and the defendant should appeal, and in this court the plaintiff should recover but one dollar, still he would be regarded as the prevailing party and entitled to full costs.

Such is the well-settled meaning of the term 'prevailing party.' To be a prevailing party does not depend upon the degree of success at different stages of the suit; but whether at the end of the suit, or other proceeding, the party, who has made a claim against the other, has successfully maintained it. If he has, he is the prevailing party.

In this case, the land-owner seems to have been quiescent throughout. When his land was taken he does not appear to have complained, or to have commenced any proceedings for redress. He was summoned before the county commissioners to establish

his claim for damages, if he had any. He appeared, made his claim, and successfully maintained it. Being again summoned before another tribunal, he again appeared, and again successfully established his right to damages. He did not apply to the county commissioners, he did not apply for a jury. He appears to have been at all times willing to accept such damages as should be awarded him. If the tribunal first applied to awarded him more than the second, it by no means follows that the first was wrong, and the second right. A jury is the ultimate tribunal, under the constitution, to settle the amount; and by their verdict the parties must abide. But it does not follow for this reason that they are more likely to be right than an intelligent board of county commissioners. The land-owner appears to have been willing to abide by the judgment of either tribunal. He has commenced no proceedings, he has made no appeals. Why he should now be required to pay the cost of those proceedings, or the cost of the appeal, is not easy to be seen.

We cannot believe that in a case like this the legislature intended that he should pay cost. If he had been the appealing party, and had thereby occasioned the costs of the appeal, the case might be different. But he was not. He simply appeared, when summoned, first before the county commissioners, and then before the jury, and in both instances established his claim to substantial damages. We think he must be regarded as the prevailing party, and entitled to costs on the appeal. *Costs for respondent.*

APPLETON, C. J.; CUTTING, KENT, and BARROWS, JJ., concurred.