[No. 996.  Decided July 27, 1893.]

COUNTY OF THURSTON, *Appellant*, v. GEORGE B. SCAM-MELL *et al.*, *Respondents.*

[No. 997.  Decided July 27, 1893.]

COUNTY OF THURSTON, *Appellant*, v. W. S. BEEBE *et al.*, *Respondents.*

COSTS — DISMISSAL OF ACTION — REPEAL OF STATUTE PENDING ACTION.

Where an action is dismissed for the reason that the statute upon which it is founded has been repealed during the pendency of the action, neither party is entitled to a judgment for costs.

Sec. 827, Code Proc., providing that "in all cases where costs and disbursements are not allowed to the plaintiff the defendant shall be entitled to have judgment in his favor for the same," does not apply to cases were neither party is entitled to costs.

*Appeal from Superior Court, Thurston County.*

*Milo A. Root,* and *Charles H. Ayer,* for appellant.

*John C. Kleber, Phil. Skillman, W. I. Agnew,* and *Robinson & Linn,* for respondents.

The opinion of the court was delivered by

ANDERS, J. — These actions were brought by the county, under the revenue act of 1891 (Laws, 1891, p. 280), for the purposes of having the registered unpaid taxes on certain real estate described in the complaint declared a lien thereon and the property sold to satisfy the same.    An answer was filed in one of the cases and a general demurrer in the other, but before trial or decision was had in either case the law upon which the proceedings were based was repealed by the act of March 15, 1893 (Laws, 1893, p. 323), which made no reference to pending cases and no provision whatever in respect thereto.    The trial judge, at the instance of the county attorney, dismissed the actions on the ground that the court no longer had jurisdiction to proceed, and, at the same time, rendered judgment in favor of the defendants in each case for costs, including the statutory attorney fee.    The appellant alleges that the judgment for costs is void for the reason that the court had no authority or jurisdiction to render it; and we are inclined to the same opinion.    While the decisions of the courts upon this question are not entirely harmonious, we think the decided weight of authority is in favor of the rule that where an action is dismissed for want of jurisdiction no costs can be awarded to either party, unless expressly authorized by statute.    The decisions adopting this rule proceed upon the theory, which is certainly not without reason, that the court, in such cases, has no more authority to render judgment for costs than for relief.    The supreme court of the United States has many times announced the doctrine that when a cause is dismissed for want of jurisdiction, nothing further can be done with reference thereto.    *Inglee v. Coolidge,* 2 Wheat. 363; *McIver v. Wattles,* 9 Wheat. 650; *Strader v. Graham,* 18 How. 602; *Hornthall v. Collector,* 9 Wall. 560.    In fact the rule

seems to be uniform in the federal courts. *Pentlarge v. Kirby*, 20 Fed. Rep. 898. And to the same effect are the following cases: *Bartels v. Hoey*, 3 Col. 279; *Norton v. McLeary*, 8 Ohio St. 205; *Walker v. Snowden*, 31 Tenn. 193; *Derton v. Boyd*, 21 Ark. 264; *Mazange v. Slocum*, 23 Ala. 668; *Burke v. Jackson*, 22 Ohio St. 270; *Humiston v. Ballard*, 63 Barb. 9, and many more that might be cited.

But we do not wish to be understood as deciding that we would feel bound to follow the rule above stated in all cases, without exception, for our statute provides that the prevailing party shall be entitled to his costs and disbursements, and cases might arise where a dismissal for want of jurisdiction might be proper and where the statute would be applicable, and would, of course, be decisive. But this statute (§ 824, Code Proc.), has no application to this case. When the law was repealed upon which the action was founded neither party had "prevailed," for the reason that no matter either of law or fact had been determined. If either could be said to be the prevailing party it would, in this instance, be the plaintiff, at whose suggestion, or upon whose motion, the action was dismissed. That the repeal of an act upon which a pending action is founded is a complete bar to all further proceedings is a question upon which we have observed no conflict in the authorities. *Butler v. Palmer*, 1 Hill, 324; *Hunt v. Jennings*, 5 Blackf. 195; *Saco v. Gurney*, 34 Me. 14.

But it is suggested by the learned counsel for the respondents that the defendants, respondents here, were entitled to their costs under the provisions of § 827 of the Code, which is as follows:

"In all cases where costs and disbursements are not allowed to the plaintiff, the defendant shall be entitled to have judgment in his favor for the same."

We think, however, that this section must be held not to

apply to cases where neither party is entitled to costs, but only to those cases where costs must be awarded to one party or the other.    In ordinary cases, if the plaintiff is not the prevailing party, nor entitled to costs in any event, then the defendant is entitled to judgment for the same.

Judgment reversed.

DUNBAR, C. J., and HOYT, SCOTT and STILES, JJ., concur.