PUGET SOUND NAT. BANK OF SEATTLE v. KING COUNTY et al.

(Circuit Court, D. Washington, N. D. June 18, 1894.)

No. 141.

COLLECTION OF TAXES—REPEAL OF STATUTE—SAVING CLAUSE.

The repeal, by Laws Wash. 1893, pp. 323–385, of all previous acts providing for assessment and collection of taxes, did not affect pending proceedings for collection of personal property taxes by a county treasurer under a warrant annexed to an assessment roll, issued to him pursuant to statute in force at the date thereof, as section 75 of the act continues in force such warrants, previously issued, as to taxes due and unpaid.

This was a suit by the Puget Sound National Bank of Seattle against King county and others for an injunction to restrain the col-

lection of taxes upon the stock of the complainant under an assessment against the bank, as agent for its shareholders, for the year 1891. A demurrer to the bill was overruled (57 Fed. 433), and an answer was filed. Complainant filed exceptions to the answer.

Carr & Preston and J. B. Howe, for complainant.
John F. Miller and S. H. Piles, for defendants.

HANFORD, District Judge. A demurrer to the complainant's bill having been overruled in accordance with the opinion heretofore rendered in this case (57 Fed. 433), the defendant has answered, denying the equities of the bill, and also setting forth in detail the assessment and levy of the taxes sought to be collected, and the issuance of a warrant to the county treasurer, annexed to the assessment roll, in which the complainant is assessed upon its stock as agent for its several shareholders. To said answer the complainant has filed exceptions for alleged insufficiency.

Since the commencement of this suit the legislature of the state has enacted an entirely new revenue law, covering the entire subject of assessments and procedure for the collection of taxes for state and county purposes, which enactment contains a section repealing all previous acts of the legislature of the territory or state of Washington providing for the assessment and collection of taxes. Laws Wash. 1893, pp. 323–385. In the argument upon the exceptions the sole contention has been that by the repeal of the law under which the tax was levied all authority to enforce payment has been withdrawn, and in proof of the complete annihilation of the former revenue laws and of all proceedings dependent thereon counsel have cited Thurston Co. v. Scammell, 7 Wash. 94, 34 Pac. 470, in which decision the supreme court of this state declares that the repeal of an act upon which a pending action is founded is a complete bar to all further proceedings. Said decision was made in a suit for the collection of taxes upon real estate, which suit was authorized by a statute. The supreme court was not called upon to consider the effect of said act of 1893 upon pending proceedings for the collection of personal property taxes by a county treasurer under a warrant annexed to an assessment roll requiring him to collect the personal property taxes by distraint. It is true, as contended by counsel, that the repeal of a tax law would affect proceedings for the collection of taxes by seizure and sale of property in the same manner as pending suits authorized by the statute if the repeal were unconditional and without a saving clause; and in their argument counsel for the complainant have assumed that the act of 1893 is without a saving clause. This I find to be erroneous.

At the time this statute was enacted the treasurer of King county had in his possession, annexed to an assessment roll for the year 1891, an unexecuted warrant directed to him as such county treasurer, directing the collection from the complainant of the taxes which are the subject-matter of this suit, which warrant was issued pursuant to statutes in force at the date thereof. 1 Hill's Code, §§ 1038–1040, 1092–1096. All the vitality and force of said warrant is

preserved and continued by the seventy-fifth section of the act of 1893, which reads as follows:

"Sec. 75. The power and duty to levy and collect any tax due and unpaid shall continue in and devolve upon the county treasurer and his successors in office after his return to the county auditor, and until the tax is paid; and the warrant attached to the assessment roll shall continue in force and confer authority upon the treasurer to whom the same was issued, and upon his successors in office, to collect any tax due and uncollected thereon. This section shall apply to all assessment rolls and the warrants thereto attached, which have been heretofore issued upon which taxes may be due and unpaid, as well as those hereafter issued."

Exceptions overruled.