[No. 10510. Department Two. January 22, 1913.]

ELIZABETH VAN ALSTINE, *Respondent*, v. L. W. GRAY *et al.*, *Appellants*.[1]

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS—DISMISSAL. In an action to foreclose a mortgage, dismissed without prejudice, the defendant cannot object, for the first time on appeal, that the court should have retained jurisdiction to reform the mortgage to correct a technical error.

COSTS—DISMISSAL—DISCRETION—APPEAL—REVIEW. In dismissing an action without prejudice, it is discretionary for the court to allow costs to neither party; and the ruling will not be reversed except for manifest abuse of discretion.

Appeal by defendant from a judgment of the superior court for King county, Albertson, J., entered January 16, 1912, dismissing without prejudice an action to foreclose a

[1]Reported in 129 Pac. 106.

mortgage, in which the defendant sought reformation and cancellation of the mortgage, after a trial on the merits to the court. Affirmed.

*Kitt Gould*, for appellants.

*G. E. Steiner*, for respondent.

MAIN, J.—This is an action to foreclose a mortgage upon certain real property. The complaint contains the usual allegations in such cases. Issue was joined by the filing of an answer and cross-complaint. The answer denies that the debt upon which the action is predicated is due, and for affirmative relief prays for the reformation of a deed and the cancellation of the mortgage. The action was tried to the court.

The facts, so far as germane to the questions presented to this court, are as follows: On February 23, 1907, respondents, the Van Alstines, being then the owners of lots 9 and 10, in block 92, in D. T. Denny's First addition to North Seattle, now the city of Seattle, sold and conveyed these lots to L. W. Gray. The deed of conveyance, through inadvertence, describes the property as lots 9 and 10, in block 92, in D. T. Denny's First addition to the *city of* Seattle, instead of D. T. Denny's First addition to *North* Seattle, which was the correct description. As a part of the purchase price, notes were given aggregating the sum of $13,000, with interest at six per cent per annum, payable semi-annually. These notes were secured by a mortgage upon the lots. One note for $1,000 was payable two years after date; one for $2,000, three years from date; one for $2,000, four years from date; and one for $8,000, five years from date. On the 17th day of December, 1908, L. W. Gray transferred the legal title to the lots to his brother, Clarence H. Gray. The first note for $1,000 was paid at maturity. Some days prior to the 23d day of February, 1910, when one of the notes would fall due, the

Gray brothers went to one H. A. Raser, the friend and in-
surance agent of the Van Alstines, and sought his assistance
in securing an extension of the notes and mortgage. For
this service the Gray brothers promised Raser a commis-
sion. Through the intervention of Raser, the Van Alstines
agreed to the extension; and on the 21st day of February,
1910, the Gray brothers and the Van Alstines met at Raser's
office, and in pursuance of the agreement for an extension
of time, an indorsement was made on the back of the note
maturing February 23, 1910, as follows:

"February 1st, 1910. In consideration of the increase in
interest on this note from six per cent to seven per cent,
and for other good and valuable consideration, the date of
payment on this note is extended to February 23, 1912.
This note is secured by two mortgages, one recorded in vol.
U of Mortgages, page 13, Thurston county, Washington,
and one in vol. 341 of Mortgages, page 39, of King coun-
ty, Washington."

A similar indorsement was made on each of the other
notes, except as to the date of payment. The semi-annual
interest which was due and payable on the 23d day of Feb-
ruary, 1911, was not paid. It appears from the evidence
that Gray brothers paid Raser a commission of three per
cent, or $360, for securing the extensions. This was with-
out the knowledge of the Van Alstines. The trial court
found that the $360, which the Gray brothers paid Raser,
should be charged to the Van Alstines and applied to the
payment of the interest due when the action was commenced.
Applying this sum in this way, it would liquidate all interest
due at the time of the institution of the action. The action
was dismissed without prejudice, for the reason that it had
been prematurely brought. Clarence H. Gray appeals.

The appellant's first contention is that the court, while
denying the right to foreclose the mortgage, should have
retained jurisdiction for the purpose of correcting the error
in the description of the property in the deed from the Van

20—71 WASH.

Alstines to L. W. Gray. This question is raised for the first time in this court. The appellant's counsel was present during the trial in the superior court, and heard the oral announcement of the court as to the dismissal of the action. At no time did he object to the dismissal of the action or ask the court to enter a judgment correcting the description. Indeed, at the end of the statement of facts and as a part thereof, appears in the handwriting of the trial judge a statement as follows: "It was never understood by this court that anybody but the plaintiff was objecting to the dismissal." If the appellant desired the correction as to the description in the deed, it was his duty to call this to the attention of the trial court. The matter, in any event, is technical rather than substantial. It is a matter of common knowledge that North Seattle long ago became a part of the city of Seattle. This court will not reverse cases where the error urged is purely technical, and apparently was not considered of sufficient moment to be called to the attention of the trial court.

The second contention of appellant is that the trial court should have canceled the mortgage of record and freed the property from the lien thereof, for the reason that the change in the interest rate on the notes and the extension of time of payment was made subsequent to the conveyance of the property to the appellant, and that the appellant had not consented thereto. There is no merit in this contention. The appellant was present at the time the extension was made and consented thereto.

The third contention of the appellant is that the court erred in dismissing the action without costs to either party. This was a matter within the discretion of the trial court and furnishes no basis for error, unless there was a manifest abuse of discretion, which does not appear to be the fact in this case.

The judgment will be affirmed.

MOUNT, FULLERTON, MORRIS, and ELLIS, JJ., concur.