[No. 14251.  Department One.  February 18, 1918.]

## BOLESLAW NOWOGROSKI, *Respondent*, v. NELLIE SOUTHWORTH, *Appellant*.[1]

COSTS—PREVAILING PARTY. In an action upon a promissory note, in which there was an affirmative defense, judgment for the plaintiff for less than the amount of the note makes him the prevailing party and entitled to costs of the action.

COSTS—COST BILL—AMENDMENT. Upon objection to a cost bill for want of verification, an amended bill in due form filed within the time limited by Rem. Code, § 482, for the filing of a cost bill, will be treated as an original cost bill.

COSTS—LIEN ON PROPERTY—CHATTEL MORTGAGES. In an action upon a promissory note and to foreclose a chattel mortgage securing the same, plaintiff's costs and disbursements were properly made a lien upon the mortgaged property.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered January 27, 1917, in favor of the plaintiff, in an action to foreclose a chattel mortgage, tried to the court. Affirmed.

*Fred M. Bond,* for appellant.

*Harold B. Swasey* and *Geo. T. Swasey,* for respondent.

FULLERTON, J.—The respondent, Nowogroski, instituted this action against the appellant, Southworth, to recover upon a promissory note and foreclose a chattel mortgage given to secure the same. The complaint was in the form usual in such cases. The answer admitted the execution of the note and chattel mortgage, but denied that there was anything due thereon. For an affirmative defense, it set up that the note represented the purchase price of a buggy and two cows sold by the respondent to the appellant; that the cows were represented to be healthy and in good condition, when, in

[1]Reported in 170 Pac. 1011.

fact, one of them was diseased, and both were afflicted with vermin which was communicated to the appellant's other cattle to their deterioration and cost of cure in a sum in excess of the amount of the note. Issue was taken on the answer and a trial had to the court, which resulted in a judgment for $25 less than the amount of the note, with the costs of the action. This appeal is from the judgment entered.

The appellant did not bring the evidence into this court, and consequently makes no contention here as to the judgment on the merits of the action. She contends, however, that, since she recovered a judgment on the affirmative matter in her answer, she was entitled to costs, and that the court erred in allowing costs to the respondent. But the statute provides that costs shall be allowed the prevailing party, and we held in *Empire State Surety Co. v. Moran Brothers Co.,* 71 Wash. 171, 127 Pac. 1104, that the prevailing party, under the statute, is that party who has an affirmative judgment rendered in his favor at the conclusion of the entire case. The affirmative judgment here was in favor of the respondent, and, under the rule of the case cited, he was the party entitled to costs.

A cost bill was filed with the clerk in which the respondent set forth as taxable costs his disbursements in the action. This was stricken on motion for want of verification, whereupon the respondent, within the period allowed by the statute, filed an amended cost bill correct in form. Costs were taxed in accordance with the amended bill, and error is assigned thereon. The right to file a cost bill is expressly given by statute (Rem. Code, § 482), and while no provision is made for amending a defective one actually filed, the so-called amended cost bill in this instance, since it was filed within the statutory time, may be treated as an original

cost bill. So treating it, we find no error in taxing costs in accordance therewith.

It is complained that the court erred in making the judgment for costs a lien upon the mortgaged property. But the court followed the usual rule and practice in this respect. 9 Ency. Plead. & Prac., 440; *Lanier v. Russell*, 74 Ala. 364. Since this was an action of equitable cognizance, and since a part of the costs may have been incurred in combating the matters set forth in the affirmative defense in which the appellant prevailed, it would have been proper, or at least not error, for the court to have apportioned the costs. But if an application for such an apportionment was made to the trial court, it has not been preserved in the record in such manner as to be reviewable in this court. There was a denial of liability on the note and mortgage, compelling the respondent to submit evidence on that branch of the case. To the costs and disbursements thus incurred the respondent was clearly entitled, and as we are unable, because of the condition of the record, to segregate this part from the other, we can make no apportionment ourselves.

The judgment is affirmed.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur