**A. T. SMITH AND SONS, a copartnership, etc., Appellant,**

v.

**N. P. VAN VALKENBURGH COMPANY, Appellee.**

No. 19034.

United States Court of Appeals
Ninth Circuit.

Oct. 23, 1964.

---

Walter H. Young, Los Angeles, Cal., for appellant.

Darrell P. McCrory, Monteleone, McCrory & Skjeie, Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY, and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

This case arises on appeal from a judgment rendered in favor of third-party plaintiff, N. P. Van Valkenburgh Co. (hereinafter referred to as "Vanco"), against third-party defendant, A. T. Smith & Co. (hereinafter referred to as "Smith"). The district court obtained jurisdiction of the original action filed by Arrow Road Construction Co. (hereinafter referred to as "Arrow") against Vanco under the Miller Act, 40 U.S.C. § 270b. This court possesses jurisdiction to entertain Smith's appeal from the district court's final decision under 28 U.S.C. § 1291.

In 1958, Vanco contracted with the United States Naval Department to construct certain roads and facilities. One such road, the subject of the present controversy, was known as "E" Road. Vanco forthwith executed subcontracts with Smith and Arrow, in essence delegating

the construction of "E" Road's sub-base of silty sand to Smith and of "E" Road's asphalt stabilized base and various coatings to Arrow. Arrow also undertook a number of other subcontracting assignments for Vanco, under the latter's contract with the Navy.

Smith completed its work on "E" Road about December 9, 1958, and was paid therefor. Arrow completed its work by January 1, 1959, but the Navy refused to accept the completed road because of certain defects. Upon refusal of Arrow to comply with Vanco's request to perform corrective work, Vanco engaged Smith to make the necessary renovations at a cost of $50,959.53.

Arrow subsequently instituted an action against Vanco for the remainder due for the services it had performed for Vanco under the Naval contract. Vanco counterclaimed against Arrow for the damages resulting from Arrow's defective work on "E" Road. Arrow asserted that the fault for "E" Road's deficiencies rested with Smith for its substandard performance in laying a sub-base; as a result of this assertion, Vanco filed a third-party complaint against Smith.

The court found that both Smith and Arrow were at fault, and apportioned the liability seventy-five per cent to Arrow and twenty-five per cent to Smith. The court consequently rendered judgment favoring Vanco and against Smith for $12,739.88. Arrow's portion of the damage liability, $38,219.65, was then offset against the $43,699.46 still due Arrow under the entire contract. Arrow thus received a $5,479.81 judgment in its favor against Vanco.

Three questions are presented:

1. Was Vanco entitled to recover from Smith any portion of the damages due to the faulty construction of "E" Road?

2. Was the district court in error by using the degree of fault to apportion the damage liability to Arrow and Smith?

3. Did the district court abuse its discretion by taxing all costs of the three-party action to Smith?

I

■ Appellant contends at great length that it was error to hold Smith liable to any degree because "it was error to award Arrow any Judgment whatsoever * * * and if no Judgment had been rendered in favor of Arrow, Vanco would not be entitled to any Judgment against Smith." (O.B. p. 12) We find no logical basis whatsoever for such a contention. In no manner is the liability of Arrow and/or Smith for the improper construction of "E" Road tied to the amount remaining to be paid by Vanco to Arrow for the latter's work on the entire contract. Smith asserts it was held liable only because Arrow recovered a judgment against Vanco in the amount of $5,479.81, the $43,699.46 still outstanding under the subcontract, less the $38,219.65 for seventy-five per cent responsibility for the defective construction of "E" Road. But to sustain appellant's assertion would make its liability for defective road construction dependent upon the financing arrangements between Arrow and Vanco—the schedule of payments and the amount remaining unpaid under the overall contract. Clearly no basis exists for relating the two separate issues of liability.[1]

Arrow's right to recover under the entire contract is conceded, subject to Vanco's counterclaim for Arrow's defective work on "E" Road. The result of the counterclaim itself is in no way contingent upon the amount outstanding to Arrow on the entire contract. Appellant's reasoning that any liability of

---

1. To illustrate how illogical is appellant's contention, one need only hypothesize that the damages for faulty construction of "E" Road were $80,000.00, rather than $50,959.53. Arrow would then not have obtained a judgment against Vanco because the payments due it, $43,699.46, would not have exceeded its proportionate share of liability on Vanco's counterclaim —seventy-five per cent of $80,000.00. Pursuant to appellant's argument, since Arrow could not recover from Vanco, Vanco could not recover from Smith, despite the fact that twenty-five per cent of the damages of "E" Road were attributable to Smith.

Smith to Vanco was contingent upon and limited by the liability of Vanco to Arrow is fallacious.

## II

### Apportionment of Liability on the Basis of Fault

■ Appellant's second specification of error is addressed to the district court's use of relative fault to apportion the damages sustained by Vanco due to the reconstruction of "E" Road. Appellant contends such apportionment can only properly be made on the basis of actual cost figures, not by relative fault. But, under the facts of this case, the district court's approach is not only reasonable but is also the most practicable and accurate method of apportionment that the circumstances would permit.

To adopt appellant's suggested approach of assessing the cost of rebuilding Arrow's construction and the cost of rebuilding Smith's construction would ignore completely the interrelationship of the activities of the two subcontractors. For example, had Arrow complied with specifications but the road still required reconstruction solely because Smith's subbase was defective, a substantial cost would have been sustained for repeating Arrow's performance; yet the cost would have been directly attributable to Smith, and Smith alone. Use of appellant's approach, under such a fact situation, would unjustly charge Arrow with a bulk of the liability.

Where the deficient performance of multiple parties is so interrelated, therefore, a relative fault approach as utilized by the district court is not only reasonable but is also well, if not best, suited to the situation. The cases cited by appellee, Allen v. Gardner, 126 Cal.App.2d 335, 272 P.2d 99 (1954) and California Orange Co. v. Riverside Portland Cement Co., 50 Cal.App. 522, 195 P. 694 (1920), lend substantial support to the propriety of the district court's apportionment of damages.

Since the $50,959.53 repair figure was not in dispute, the district court properly construed the principal issue as being the apportionment of the costs for correcting "E" Road to the two subcontractor parties. The method of apportionment employed by the court was quite proper; under the circumstances, the degree of fault was a method of calculation as reasonably accurate as any other approach.

## III

### Costs

■ An award of costs is largely in the discretion of the trial court. We always hesitate to intrude on such a large discretion. However, we feel that discretion has been misdirected in this case. Since Arrow's right to recover payments on the entire contract is independent of Vanco's right to damages for defective construction of "E" Road, Smith should not be taxed costs for Arrow's successful suit for construction payments. Smith was properly taxed $523.76 under Vanco's third-party complaint, but to tax him with $912.80 costs incurred by Arrow under Arrow's suit for payments and Vanco's counterclaim for damages, flies contrary to the rationale of the approved division of fault we have above affirmed, and constitutes an error in discretion. The costs of the primary action should be distinguished from the costs of the third-party action. See Tejas Development Co. v. McGough Bros., 167 F.2d 268 (5th Cir. 1948).

Since Arrow's suit for payments under the entire contract was distinct from Vanco's counterclaim and third-party complaint for damages, the district court abused its discretion by transferring to Smith the costs taxed to Vanco on Arrow's judgment against Vanco.

The judgment of the district court is affirmed except as to the matter of $912.80 costs assessed against Smith for Arrow's costs. In that respect it is reversed, and costs in that amount are to be taxed to Vanco under the district court order granting judgment to Arrow against Vanco as is presently provided in paragraph "1." of the judgment (Tr. p. 100).