[No. 37250.    Department Two.    December 10, 1964.]

ARTHUR BASSE et al., *Respondents*, v. DARIEL LEE KAMHOLZ, *Individually and as Executrix, Appellant.**

*Edward P. Reed*, for appellant.

SHORETT, J.†—On July 27, 1959, Elmer Kamholz and wife leased a wheat ranch to the respondents Arthur Basse and wife, commencing on that date and ending October 1, 1964. Pending this appeal, Elmer Kamholz died and his wife, having been appointed executrix of his estate, has been substituted in his place.

The lease required the respondents to "farm said premises in a good and farmerlike manner," and to "care for lessors brood cattle." The agreement provided for a division of crops—one half of the hay and one third of the grain to

*Reported in 397 P. (2d) 420.

† Judge Shorett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

the lessors, and the balance to the lessees. The lease further provided that the cattle crop, commencing with the year 1961, should be divided equally between the parties.

The lease provided for cancellation by either party "upon written notice given at least 30 days prior to October 1 of any year." In the event of cancellation, the lessees were to be paid for "any cultivation of grain seeding done prior thereto." The agreement contained a provision for arbitration in the event the parties could not agree upon compensation under this provision.

The lease had been in effect only about 10 months when disputes between the parties caused the lessees to leave the premises and the lessors to retake possession. The income from the hay and grain crops was divided as provided by the lease. The parties were unable to agree on the value of summer fallow performed by the lessees and this was submitted to arbitration, resulting in a valuation by the arbitrators of $4,560.40. This sum not being paid, the lessees brought suit.

The lessors denied that the arbitration board was properly constituted, and alleged that the board acted as "appraisers" and not "arbitrators." By counterclaim, the lessors alleged that they had been required to expend "effort and sums of money in order to prevent sacrifice and great damage," the reasonable value of which was $5,380.80.

At the trial, the lessees were permitted, over objection, to testify regarding the cost of cattle care, and the court, having allowed a trial amendment in this regard, awarded the sum of $866.50 to them as the value of this item. The court also found that the lessors should be allowed, as a setoff, the sum of $3,530.35 plus interest against the arbitrators' award because the appellant had been put to this expense in harvesting the crop.

Judgment was entered for the lessees for the amount of the arbitration award plus the cost of cattle care, less the lessors' setoff for the cost of harvesting the crop. The lessees were awarded costs of trial.

On this appeal, the lessor appellant questions the trial court's action in allowing an amendment of the pleadings

and recovery by the lessee respondents of the "cattle care" item. The appellant further attacks the amount of the offset allowance made by the court, in the sum of $3,530.35, alleging that a greater sum should have been allowed. Lastly, the appellant assigns error in the allowance of costs by the trial court.

■ It may be conceded that, if cancellation had been made under the terms of the lease (that is, by giving notice 30 days prior to October 1st of any year), no recovery could be had by the respondents for cattle care because their compensation in this regard was to be one half of the increase "beginning with the 1961 calf crop." But here there is a mutual rescission long before the first cancellation date permitted under the lease. When such mutual rescission takes place, equity requires that the parties be restored to their former positions as far as possible. See *Yount v. Indianola Beach Estates, Inc.*, 63 Wn. (2d) 519, 387 P. (2d) 975, and cases cited therein.

Under the circumstances of this case, permission to amend the pleadings was within the discretion of the trial court, and we find no error in the court's so doing. Since the parties had mutually abandoned the lease, it was necessary to put them in status quo as nearly as possible. This could not fairly be done without allowance to the respondents of the cost of cattle care.

■ Insofar as the allowance of the setoff item of $3,530.35 is concerned, we think the testimony properly supports the finding made by the trial court. Since the respondents generally prevailed, the trial court properly allowed them costs. RCW 4.84.030; *Baldwin v. Alberti*, 58 Wn. (2d) 243, 362 P. (2d) 258.

The judgment is affirmed.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.