**TEJAS DEVELOPMENT CO. et al. v.
McGOUGH BROS. et al.
BATE et al. v. KENNEDY.**

Nos. 11955, 12096.

Circuit Court of Appeals, Fifth Circuit.

April 16, 1948.

For former opinions, see 165 F.2d 276 and 165 F.2d 435.

In No. 11955: .

Arthur J. Mandell and Elias Gatoura, both of Houston, Tex., for appellants.

J. C. Hutcheson, III, and Fred R. Switzer, both of Houston, Tex., for appellees.

In No. 12096:

Fred R. Switzer, of Houston, Tex., for appellants.

Arthur J. Mandell, of Houston, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

PER CURIAM.

The judgment appealed from in No. 11955 covered a controversy of McGough Brothers with Tejas Development Company and E. V. Kennedy as to which a large money judgment was awarded to McGough Brothers. It covered also in part a controversy of Tejas Development Company and Kennedy with Thomas Bate and Sons and others concerning a contract between them by which the first named parties claimed the last named would be liable to indemnify them if McGough Brothers established their claims, and to pay attorney's fees in any event for resisting them. As to this latter controversy, brought into the case by third party proceedings under Rule of Civil Procedure 14, 28 U.S.C.A. following section 723c, it was adjudged that Tejas Development Company had no recourse over against Bate and others, but Kennedy having failed to make service of his third party complaint, his claim against Bate and others was severed, and on due service was separately tried after the appeal in No. 11955 was taken. Kennedy being successful, Bate, et al., took an appeal. (No. 12096.) In this latter appeal use was made by agreement of some of the record printed in No. 11955.

In this court the judgment on the controversy between McGough Brothers and Tejas Development Company and Kennedy was reversed. This of necessity reversed also any judgment over against Bate, et al., and we made no examination of the merits of that controversy, but remanded all controversies to the district court for further proceedings. The clerk in each mandate taxed all costs of appeal against the appellees therein. All parties have moved for a retaxation of the costs.

The case is one in equity and we have full control of the costs for that reason, as also under Rule of Civil Procedure 75 and under our Rules. The greater part of the cost of appeal is that for the transcript and printing of the record. In No. 11,955 it is evident that much of the pleading and much of the proceedings and evidence relates to the controversy between Tejas Development Company and Bate, et al., in which McGough Brothers had no concern at all. Tejas Dvelopment Company by its third party proceedings provoked this pleading and evidence. Third party proceedings are permitted but not required by Rule of Civil Procedure 14. Here they served a useful purpose to bind Bate et al. by the result of the litigation with Mc-Gough Brothers. It would have complicated matters less if in the trial the whole third party controversy had been severed and an adjudication of it deferred until it was finally settled whether or not there is liability to McGough Brothers. In pressing their third party claims as and when they did the third party plaintiffs took the risk and must bear the consequences of futile costs. Certainly McGough Brothers ought not to bear costs in a controversy in which they had no part and which they did not cause. The record and printing which is due entirely to the third party controversy ought to be separated from that which appertains primarily to the controversy with McGough Brothers, and the latter only should be taxed to McGough Brothers. That relating to the third party controversy should go against Tejas Development Company, for we have reversed it for a sort of pre-maturity or precipitancy for which that Company is responsible. Bate et al. are not responsible, for they won in the District Court and did not lose here.

In No. 12096, as between Bate et al. and Kennedy, the costs of appeal ought to go against Kennedy for the reversal, though not based on the merits of their controversy, for they are due to his pressing his claim over against Bate et al. before it was finally determined that he was liable to McGough Brothers. The costs in No. 12096 were properly taxed and the motion to retax is denied.

In No. 11955 the motions to retax are granted and the mandate issued is recalled. If the parties can agree on the proper division of the costs as above outlined, let them within thirty days from this date file a stipulation thereabout. If not, within that time let each file a bill of particulars designating the pages of the record claimed to be chargeable to the other, and we will settle the dispute.