696 P.2d 855

**Robert POWERS, Plaintiff-Appellant,**

v.

**Larry TIEGS and Jane Doe Tiegs, husband and wife, individually and dba Nampa Rollerdrome, Defendants-Respondents.**

No. 15403.

Supreme Court of Idaho.

Jan. 22, 1985.

---

L. Kim McDonald, of McDonald & Garcia, Nampa, Harry M. Philo, and Linda Miller Atkinson, of Philo, Atkinson, Steinberg, Walker & White, Detroit, Mich., for plaintiff-appellant.

James B. Lynch, and Charles R. Clark, of Imhoff & Lynch, Boise, for defendants-respondents.

Before DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., and McFADDEN, J., Pro Tem.

PER CURIAM.

Plaintiff brought this action to recover for an injury he received while rollerskating at the Nampa Rollerdrome. The case was tried without a jury. At the close of the plaintiff's presentation of evidence, the defendants moved for involuntary dismissal under I.R.C.P. 41(b), basing the motion "on the question of causation." The trial court granted the motion. In a one paragraph order the trial court found "that plaintiff was at least contributorily negligent to the degree of 50 percent in the causation of injuries sustained ...."

Plaintiff appeals arguing first that the trial court's findings of fact and conclusions of law were not sufficient under I.R.C.P. 41(b) and second, that the findings of fact and conclusions of law were not supported by substantial and competent evidence. Because we hold that the trial court's findings of fact and conclusions of law did not satisfy the requirements of I.R.C.P. 41(b), we do not reach the merits of plaintiff's second contention.

I.R.C.P. 41(b) provides in pertinent part that

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)."

I.R.C.P. 52(a) provides in pertinent part that

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; ..."

"Compliance with the rule of writing out specific findings and legal conclusions ... is a salutary practice which requires the trial court to give full consideration to the entire record as the purported justification for its own announced ruling." *Sorenson v. Adams*, 98 Idaho 708, 712, 571 P.2d 769, 774 (1977). "Bench remarks, ... do not substitute for nor rise to the dignity of written findings of fact and conclusions of law ...." *Id., supra* at 713, 571 P.2d at 774.

In this case, the trial court's findings of fact and conclusions of law were embodied in a single paragraph. Such cursory treatment does not satisfy the requirements of I.R.C.P. 41(b) and 52(a), making appellate review virtually impossible. Therefore, the judgment of the trial court is reversed and the cause remanded for a new trial. *Sorenson, supra*, at 716, 571 P.2d at 774.

At oral argument counsel for plaintiff requested that a different judge be assigned on retrial. The proper procedure for such relief is by motion under I.R.C.P. 40(d)(1). We know of no reason why plaintiff is precluded from making this motion following remand.

Costs to appellant.

No attorney fees on appeal.