733 P.2d 824

**ASSOCIATES NORTHWEST, INC., an Idaho corporation; Douglas Fowler and Mark Ortman, Plaintiffs-Appellants,**

v.

**Roy BEETS d/b/a Heritage Realty and Judy Beets, his wife, Defendants-Respondents.**

**No. 16476.**

Court of Appeals of Idaho.

March 2, 1987.

Dan T. Edwards, Suiter, Edwards & Gere, Eagle, for plaintiffs-appellants.

William F. Yost, III, Nampa, for defendants-respondents.

BURNETT, Judge.

This appeal comes to us from an award of attorney fees under I.C. § 12–121. The sole issue is whether the trial court properly exercised its discretion in making the award. For the reasons set forth below, we vacate the award and remand the case.

The underlying facts may be stated briefly. During times pertinent to this litigation, Associates Northwest, Inc., was engaged in the sale and management of real estate. The principal shareholders of the corporation were Douglas Fowler and Mark Ortman. The corporation hired Roy Beets as a sales agent. Subsequently, Beets was promoted to the position of designated broker and he became an officer of the corporation.

The corporation's real estate business was not successful. Sales commissions dropped below operating expenses. In an attempt to raise additional capital, Fowler and Ortman offered ownership interests in the corporation to Beets and to the sales agents. None of them accepted the offer. Instead, Beets created his own business, naming it Heritage Realty, and he transferred his brokerage license to the new entity. Beets operated Heritage Realty in the same office where the corporation's business was located. He informed other corporate employees that they could join him in Heritage Realty, or remain with the corporation, or look for employment elsewhere. All chose to follow Beets, effectively putting an end to the corporation's real estate business. Heritage took over the corporation's realty listings. Commissions from those sales were placed in a special trust account and most of the money eventually was paid to Fowler.

Despite the payment of commissions, the corporation and the principal shareholders sued Beets. They sought damages on four theories: breach of fiduciary duty, trespass and conversion, unfair competition, and intentional interference with contractual relations. The case was tried without a jury. The district judge found against the plaintiffs, although he did order payment of some residual commissions as well as compensation for the fair rental value of the corporation's office furniture. The judge declared Beets to be the prevailing party in the lawsuit and awarded him attorney fees under I.C. § 12–121. The judge stated that the plaintiffs had "presented no testimony or evidence on their causes of action for unfair competition and intentional interference of [sic] contractual relationships; therefore, plaintiffs pursued those causes of action frivolously and without foundation."

On appeal the plaintiffs do not challenge the district court's adverse decision on the

merits of their damage claim. Rather, they question the judge's determination that the suit was pursued "frivolously and without foundation." They note that the court allowed some monetary recovery, though the judge did not characterize it as a damage award. More fundamentally, they argue that the judge erred in stating that "no evidence" was presented on two of the four asserted theories of recovery.

■ When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. The sequence of the inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Standards of Appellate Review in State and Federal Courts*, § 3.4, IDAHO APPELLATE HANDBOOK (Idaho Law Foundation, Inc., 1985). Here, the award of attorney fees under I.C. § 12–121 was properly identified as a matter of discretion. *E.g., Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982). The next question is whether the judge's discretionary alternatives were governed by particular legal standards. In this case, we believe they were.

■ The first such standard is that, under modern pleading practice, a plaintiff may advance alternative theories relating to an alleged set of facts. I.R.C.P. 8(e)(2). A trial court should not view each theory as an isolated part of the case, framed by its own encapsulated facts. Several theories may draw upon a common core of facts. Here, the plaintiffs asserted four theories of recovery upon the nucleus of facts summarized above. The district judge did not explain—and the record before us does not indicate—how such common facts could constitute "no evidence" on two of the four theories advanced.

■ A second standard governing the exercise of discretion in this case is that a suit is not frivolous or groundless merely because the plaintiff loses. Where ques-

tions of law are raised, we have held that attorney fees should be awarded under I.C. § 12–121 only if the position advocated by the nonprevailing party is plainly fallacious and, therefore, not fairly debatable. *E.g., Gulf Chemical Employees v. Williams*, 107 Idaho 890, 693 P.2d 1092 (Ct.App.1984); *Wing v. Amalgamated Sugar Co.*, 106 Idaho 905, 684 P.2d 307 (Ct.App.1984), *overruled on other grounds, Northwestern National Life Insurance Co. v. Young*, 112 Idaho 500, 733 P.2d 721 (1987). We think a similar standard applies where, as here, mixed issues of law and fact are presented. A court must determine whether the evidence adduced is sufficient, albeit disputed, to establish a fairly debatable issue under the legal theories advanced by the plaintiff. In this case, the judge's findings of fact and conclusions of law repeatedly used the phrase "more probably true than not true" in rejecting the plaintiffs' contentions. Such language, while appropriate to findings on the substantive issues, does not tell us whether the plaintiffs failed to establish a fairly debatable issue.

■ Upon the present record, we must conclude that the district court improperly exercised its discretion. The record fails to show that the judge considered the application of common facts to multiple theories. Neither does the record contain a determination as to whether the plaintiffs' evidence was sufficient to create a fairly debatable issue under the theories advanced. When a judge exercises his discretion by reference to an erroneous legal standard, or when he fails to apply the legal standards that govern his discretionary choices, the proper appellate response is to remand the case for reconsideration. *E.g., Kunzler v. Kunzler*, 109 Idaho 350, 707 P.2d 461 (Ct.App.1985). The judge then can make a reasoned decision in light of the proper standards.

Accordingly, the district court's order awarding attorney fees under I.C. § 12–121 is vacated. The case is remanded for further proceedings consistent with this opin-

ion. Costs to appellants. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.