838 P.2d 317

**Isaac BONAPARTE, Plaintiff–Appellant,**

**v.**

**Steve A. NEFF and Rickie L. Neff, husband and wife, Defendants–Respondents,**

**and**

**Dennis R. ULERY and Carol M. Ulery, husband and wife, Third–Party Defendants–Respondents.**

**No. 19611.**

Court of Appeals of Idaho.

Sept. 24, 1992.

Isaac Bonaparte, pro se plaintiff-appellant.

Theodore O. Creason of Ware, O'Connell & Creason, Lewiston, for defendants-respondents, Steve and Rickie Neff.

Dale O. Cox, Orofino, for defendants-respondents, Dennis and Carol Ulery.

SWANSTROM, Judge.

This is an appeal from two separate judgments after remand awarding attorney fees to defendants, Steve and Rickie Neff (Neffs), and to third-party defendants, Dennis and Carol Ulery (Ulerys). This case was appealed to us previously on the same issues of whether the district court properly ordered the plaintiff, Isaac Bonaparte, to pay the Neffs' and the Ulerys' costs and attorney fees. *Bonaparte v. Neff*, 116 Idaho 60, 773 P.2d 1147 (Ct.App.1989) (*Bonaparte I*). After a remand order, the district court again ordered that Bonaparte

pay the costs and attorney fees incurred by the Neffs and the Ulerys. We affirm the district court's order.

Briefly, the background facts and proceedings are that Bonaparte brought a quiet title action against the Neffs, who owned certain real property, claiming that he had a prescriptive easement over the property. In addition to answering Bonaparte's complaint, the Neffs brought a third-party claim against the Ulerys, who had sold the property to the Neffs, on the basis that the existence of a prescriptive easement on the property constituted a breach of the warranties in the deed from the Ulerys. During trial and after the presentation of Bonaparte's case, the Neffs moved for involuntary dismissal of the action under I.R.C.P. 41(b). The motion was granted. The court also dismissed the Neffs' third-party complaint against the Ulerys. Thereafter, the Neffs and the Ulerys separately filed memoranda of costs including attorney fees, and Bonaparte objected to both claims for attorney fees. A judge other than the trial judge conducted a hearing and awarded costs and attorney fees to the Neffs and to the Ulerys against Bonaparte. Bonaparte appealed the judgments awarding costs and attorney fees. We vacated the award and remanded partly because neither the trial judge nor the successor judge made the requisite findings to support the award of attorney fees under I.C. § 12–121. *Bonaparte I, supra.* Upon remand, the district court conducted a hearing, made findings, and again awarded costs and attorney fees to the Ulerys and the Neffs.

The award of attorney fees under I.C. § 12–121 is discretionary. *Minich v. Gem State Developers Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). In reviewing a court's exercise of discretion, we embark on a three-part analysis: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standard applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Center,*

*Inc. v. Idaho Power Co.,* 119 Idaho 87, 803 P.2d 993 (1991).

Bonaparte first contends that the district court abused its discretion in awarding attorney fees. This contention is based upon an argument which was not presented to the district court, either before or after the remand. Bonaparte's argument is that he is entitled to traverse the Neffs' real property to use the allotted real property he owns, which is held in trust by the United States, based upon his enrollment as a member of the Nez Perce Tribe pursuant to treaties dating back to 1855.

Generally, however, "issues not raised below and presented for the first time on appeal will not be considered or reviewed." *Sun Valley Shopping Center, Inc.,* 119 Idaho at 93, 803 P.2d at 999. Bonaparte argues that certain exhibits introduced at trial show that the issue was raised. We are not persuaded that the exhibits were intended for that purpose or that such a purpose was ever made known to the trial judge. On the present record, we must accept the district court's statement that the case was tried exclusively upon the prescriptive easement issue. Moreover, it is clear that no issue was raised in the first appeal concerning Bonaparte's asserted treaty right to traverse; in fact, in the first appeal Bonaparte did not assign any error to the trial court's dismissal of his action at the close of plaintiff's case. I.R.C.P. 41(b). Because Bonaparte raises this issue for the first time in this second appeal, we may not address it. *Capps v. Wood,* 117 Idaho 614, 790 P.2d 395 (Ct.App.1990).

Notwithstanding Bonaparte's lack of a meritorious argument, we review the award of attorney fees pursuant to the standard established by I.R.C.P. 54(e)(1). That rule provides that for attorney fees to be awarded to a prevailing party under I.C. § 12–121, the position of the nonprevailing party must have been unreasonable, frivolous or without foundation.

Because Bonaparte's quiet title action was involuntarily dismissed, he is clearly a nonprevailing party. The district court awarded costs and attorney fees incurred

by the Neffs and the Ulerys to the extent the costs and attorney fees were incurred in preparing a defense against Bonaparte's claim of prescriptive easement.

■ The district court made explicit reference to this Court's prior opinion in its memorandum decision, including several quotations from our opinion. Clearly the district court was aware that its decision whether to award attorney fees under I.C. § 12–121 was discretionary as set forth in our prior opinion. *Bonaparte I*, 116 Idaho at 63, 773 P.2d at 1150. The court also acted within the outer boundaries of its discretion and consistently with the applicable legal standards set forth in I.R.C.P. 54(e)(1).

■ The final inquiry is whether the district court reached its conclusion through the exercise of reason. After remand the district court ordered the preparation of a trial transcript and reviewed it. The court also specifically stated that its decision to award attorney fees was based upon its review of the law and relevant facts and not upon the trial judge's grant of the involuntary dismissal motion. In its memorandum decision, the court delineated the elements which had to be proven in order for Bonaparte to prevail on his theory of prescriptive easement. The court then analyzed the evidence presented, the depositions and the entire file and concluded that Bonaparte had not provided evidence of continuous use, or a claim of right. We hold that the district court did not abuse its discretion in awarding costs and attorney fees to the Neffs and the Ulerys.[1]

■ Bonaparte also contends on appeal that the judgment awarding costs and attorney fees to the Ulerys should not have included post-judgment interest. Bonaparte claims that one judgment specifically indicated that costs and attorney fees awarded to the Neffs should be with interest, while the other judgment provided for costs and attorney fees to the Ulerys, yet made no reference to interest. This accurately reflects the language of the judgments from 1987 prior to the remand.

However, the September, 1991, post-remand judgments do not specify that postjudgment interest is to be added. We view Bonaparte's contention as meritless. First, the inconsistency of the prior judgments is not relevant to this case because the prior judgments were vacated. Moreover, interest is allowable on an unpaid judgment where judgment was entered by a court of competent jurisdiction and pursuant to statutory authority. *Strand v. Despain*, 79 Idaho 304, 316 P.2d 262 (1957); *see also* I.C. § 28–22–104.

Bonaparte's final challenge is that the district court erred by granting the Ulerys a writ of execution authorizing the garnishment of Bonaparte's wages in order to satisfy their judgment. In support, Bonaparte claims that treaties preclude any type of encumbrance upon his allotted real property. Not only does this argument fail to support his claim of error, but there is no indication that this was presented to the district court. We refuse to address this issue because it is presented for the first time on appeal. *Sun Valley Shopping Center, Inc. v. Idaho Power Co., supra.*

■ The Ulerys have not filed any briefs with this Court and have therefore not asked for attorney fees. The Neffs ask for attorney fees on appeal pursuant to I.C. § 12–121. The award of attorney fees on appeal under that section is similar to the award made by the trial court. Thus this Court will award attorney fees where it has "the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Minich*, 99 Idaho at 918, 591 P.2d at 1085.

---

1. In *Bonaparte I*, Swanstrom, J., wrote separately to explain why he would not allow any award of attorney fees for the Ulerys, the third-party defendants, against Bonaparte, although he could have upheld an award to the Ulerys against the third-party plaintiffs, the Neffs. Judge Swanstrom adheres to the views expressed in his separate opinion in *Bonaparte I*, but recognizes that the law of the case on this issue was set by the special concurring opinion authored by Burnett, J., in which Walters, C.J., joined. The law of the case prevents further discussion of whether the district court could, within its discretion, award reasonable attorney fees to the Ulerys against Bonaparte in this case under I.C. § 12–121.

Bonaparte did not present any good faith arguments for reversing the judgment awarding the Neffs costs and attorney fees, nor did he present any genuine issue of law. It is axiomatic that in the normal case, matters not presented below will not be addressed on appeal. We award attorney fees on appeal to the Neffs.

Bonaparte has failed to demonstrate that the district court abused its discretion in awarding costs and attorney fees. The judgments awarded to the Ulerys and the Neffs are affirmed, with costs and attorney fees on appeal awarded to the Neffs.

WALTERS, C.J., and SILAK, J., concur.