130 Nev., Advance Opinion 81
IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., A NEVADA NONPROFIT CORPORATION, Appellant, vs. FLAMINGO 94 LIMITED LIABILITY COMPANY, A NEVADA LIMITED LIABILITY COMPANY; PLASTER DEVELOPMENT COMPANY, INC., A NEVADA CORPORATION; AND INTERSTATE PLUMBING & AIR CONDITIONING, INC., Respondents. | No. 59934  FILED OCT 02 2014 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., A NEVADA NONPROFIT CORPORATION, Appellant, vs. FLAMINGO 94 LIMITED LIABILITY COMPANY, A NEVADA LIMITED LIABILITY COMPANY; PLASTER DEVELOPMENT COMPANY, INC., A NEVADA CORPORATION; INTERSTATE PLUMBING & AIR CONDITIONING, INC.; REYBURN LAWN & LANDSCAPE DESIGNERS, INC.; KFX BUILDING COMPANY, INC.; EXPERT AIR CONDITIONING & HEATING, INC.; AEC; NEVADA GYPSUM FLOORS, INC.; WILLIS ROOF CONSULTING, INC.; BRADLEY WINDOW CORPORATION; BRANDON, LLC, D/B/A FIRST PREMIER DRYWALL & PAINT; BILL YOUNG'S MASONRY, INC.; AMERICAN ASPHALT & GRADING COMPANY; KUKURIN CONCRETE, INC.; | No. 60483 |

NICHOLS CONSTRUCTION, INC.;
AND CENTRAL VALLEY
INSULATION, INC.,
Respondents.

COPPER SANDS HOMEOWNERS
ASSOCIATION, INC., A NEVADA
NONPROFIT CORPORATION,
Appellant,
vs.
FLAMINGO 94 LIMITED LIABILITY
COMPANY, A NEVADA LIMITED
LIABILITY COMPANY; PLASTER
DEVELOPMENT COMPANY, INC., A
NEVADA CORPORATION;
INTERSTATE PLUMBING & AIR
CONDITIONING, INC.; REYBURN
LAWN & LANDSCAPE DESIGNERS,
INC.; KFX BUILDING COMPANY, INC.;
EXPERT AIR CONDITIONING &
HEATING, INC.; AEC; NEVADA
GYPSUM FLOORS, INC.; WILLIS
ROOF CONSULTING, INC.; BRADLEY
WINDOW CORPORATION; BRANDON,
LLC, D/B/A FIRST PREMIER
DRYWALL & PAINT; BILL YOUNG'S
MASONRY, INC.; AMERICAN
ASPHALT & GRADING COMPANY;
KUKURIN CONCRETE, INC.;
NICHOLS CONSTRUCTION, INC.;
AND CENTRAL VALLEY
INSULATION, INC.,
Respondents.

No. 61039

COPPER SANDS HOMEOWNERS
ASSOCIATION, INC., A NEVADA
NONPROFIT CORPORATION,
Appellant,
vs.
FLAMINGO 94 LIMITED LIABILITY
COMPANY, A NEVADA LIMITED

No. 61286

 

LIABILITY COMPANY; PLASTER DEVELOPMENT COMPANY, INC., A NEVADA CORPORATION; INTERSTATE PLUMBING & AIR CONDITIONING, INC.; REYBURN LAWN & LANDSCAPE DESIGNERS, INC.; KFX BUILDING COMPANY, INC.; EXPERT AIR CONDITIONING & HEATING, INC.; AEC; NEVADA GYPSUM FLOORS, INC.; WILLIS ROOF CONSULTING, INC.; BRADLEY WINDOW CORPORATION; BRANDON, LLC; FIRST PREMIER DRYWALL & PAINT; BILL YOUNG'S MASONRY, INC.; AMERICAN ASPHALT & GRADING COMPANY; KUKURIN CONCRETE, INC.; NICHOLS CONSTRUCTION, INC.; AND CENTRAL VALLEY INSULATION, INC.,
Respondents.

Consolidated appeals from a district court summary judgment in a construction defect action, certified as final under NRCP 54(b), and from post-judgment orders awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

*Affirmed in part, reversed in part, and remanded.*

Law Offices of Terry L. Wike and Terry L. Wike and William R. Killip, Jr., Las Vegas,
for Appellant.

The Marks Law Group, LLP, and Eileen Mulligan Marks, Las Vegas,
for Respondents Interstate Plumbing & Air Conditioning, Inc.

The Marks Law Group, LLP, and Eileen Mulligan Marks, Las Vegas; Brady, Vorwerck, Ryder & Caspino and Lee J. Grant II, Las Vegas, for Respondent Reyburn Lawn and Landscape Designers, Inc.

Bauman, Loewe, Witt & Maxwell and Whitney C. Wilcher, Las Vegas; Brown, Bonn & Friedman and Aaron M. Young, Las Vegas; Lincoln, Gustafson & Cercos and Nicholas B. Salerno, Shannon G. Splaine, and James M. Barrington, Las Vegas; Cisneros & Marias and John D. Augenstein, Las Vegas, for Respondent Bill Young's Masonry, Inc.

Brady, Vorwerck, Ryder & Caspino and Lee J. Grant II, Las Vegas; Lincoln, Gustafson & Cercos and Nicholas B. Salerno, Shannon G. Splaine, and James M. Barrington, Las Vegas, for Respondent Brandon, LLC.

Brown, Bonn & Friedman, LLP, and Kevin A. Brown and Aaron M. Young, Las Vegas, for Respondents KFX Building Company, Inc.; Expert Air Conditioning & Heating, Inc.; AEC; and Central Valley Insulation, Inc.

Cisneros & Marias and John D. Augenstein, Las Vegas, for Respondent American Asphalt & Grading Company.

Fredrickson, Mazeika & Grant, LLP, and Tomas V. Mazeika and Matthew D. Peterdy, Las Vegas, for Respondent Kukurin Concrete, Inc.

Hansen Rasmussen, LLC, and R. Scott Rasmussen, Las Vegas, for Respondent Nevada Gypsum Floors, Inc.

Lincoln, Gustafson & Cercos and Nicholas B. Salerno, Shannon G. Splaine, and James M. Barrington, Las Vegas, for Respondents Bradley Window Corporation and Willis Roof Consulting, Inc.

Parker, Nelson & Associates and Theodore Parker, III, and Shana D. Weir, Las Vegas, for Respondent Nichols Construction, Inc.

 

Pengilly Robbins and James W. Pengilly and Craig D. Slater, Las Vegas, for Respondents Flamingo 94 Limited Liability Company and Plaster Development Company, Inc.

---

BEFORE HARDESTY, DOUGLAS and CHERRY, JJ.

*OPINION*

By the Court, DOUGLAS, J.:

Appellant Copper Sands Homeowners Association (the HOA) brought an action against respondents, developer Flamingo 94, LLC, and general contractor/sales broker Plaster Development Company, Inc. (the Developers), alleging several claims for various construction defects present in the Copper Sands common-interest community. The Developers impleaded the remaining respondents, subcontractors who had performed work on the project, into the action as third-party defendants. The district court eventually dismissed all of the HOA's claims against the Developers. The district court then awarded the Developers attorney fees and costs. Additionally, the court awarded the third-party defendants costs against the HOA pursuant to NRS 18.020.

Here, we examine whether a third-party defendant can recover costs under NRS 18.020, which mandates an award of costs for the prevailing party in a case. In resolving this issue, we adopt the Idaho Court of Appeals' rationale in *Bonaparte v. Neff*, 773 P.2d 1147 (Idaho Ct. App. 1989), and determine that when a third-party defendant prevails in an action and moves for costs pursuant to NRS 18.020, the district court

must determine which party (plaintiff or defendant) is adverse to the third-party defendant and allocate the costs award accordingly.

## FACTS

Flamingo 94 and Plaster Development constructed the Catalina Shores project (later renamed Copper Sands) in April 1997. The project was used as an apartment complex until Copper Sands Realty, LLC, purchased it in 2004. Copper Sands Realty converted the apartments into condominiums and sold each unit.

In October 2008, the HOA commenced a suit against the Developers, asserting six claims, all tied to various construction defects in the individual units and the community's common elements. The HOA sought recovery under NRS Chapters 40 and 116. The Developers filed a third-party complaint to bring the various subcontractors who worked on the project into the action. The district court eventually dismissed all of the HOA's claims through numerous summary judgment orders and awarded the third-party defendants costs under NRS 18.020.

On appeal, the HOA asserts nine issues for this court's review, but after full consideration, we conclude that only one of these issues warrants an extended discussion: whether the district court had authority to award the third-party defendants costs.[1]

_____

[1]The district court did not commit reversible error as to any of the other eight issues the HOA raised on appeal. In particular, we conclude that the district court correctly determined that the HOA's NRS Chapter 40 and 116 construction defect claims were untimely under NRS 11.203. And this conclusion renders the HOA's arguments that Chapter 40 applied to this action and that the district court erred by dismissing the Chapter 116 claims on other grounds moot. Additionally, we conclude that the HOA failed to demonstrate a genuine issue of material fact as to whether

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

## DISCUSSION

We generally review a court's award of costs for an abuse of discretion. *Bobby Berosini, Ltd. v. PETA*, 114 Nev. 1348, 1352, 971 P.2d 383, 385 (1998). Questions of law, however, are reviewed de novo. *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 9, 106 P.3d 1198, 1199 (2005).

### Authority to award costs

Under NRS 18.020(3), the prevailing party in an action "where the plaintiff seeks to recover more than $2,500" is entitled to recover his or her costs "against any adverse party against whom judgment is rendered." NRS 18.005 enumerates several allowable costs, also allowing recovery of "any other reasonable and necessary expense incurred in connection with the action." The district court retains discretion in determining which expenses are recoverable costs. *Bergmann v. Boyce*, 109 Nev. 670, 679, 856 P.2d 560, 565-66 (1993).

---

*...continued*

the Developers' willful misconduct caused any of the defects or whether the Developers had fraudulently concealed any defects. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1030-31 (2005). Moreover, the district court correctly determined that the HOA did not have standing to bring the misrepresentation or fraud claims on the homeowners' behalf because those claims did not affect the common-interest community. *See* NRS 116.3102(1)(d). Further, the district court also correctly denied the HOA's peremptory challenge, as such challenges are not permitted with regard to a judge assigned by the chief judge to sit in a construction defect action. *See* EDCR 1.65(b). And although the district court erred in granting the Developers an order to shorten time, this error does not warrant reversal, as it did not prejudice the HOA. *See Cheek v. FNF Constr., Inc.*, 112 Nev. 1249, 1251, 924 P.2d 1347, 1349 (1996). Finally, the district court did not abuse its discretion in awarding the Developers attorney fees and costs. *See* NRS 18.020; NRCP 68; *Wynn v. Smith*, 117 Nev. 6, 13, 16 P.3d 424, 428-29 (2001).

The HOA argues that the third-party defendants were not prevailing parties entitled to costs because they did not affect the case's outcome. The HOA admits that a third-party defendant may defend itself against both third-party claims and a plaintiff's claims. But the HOA maintains that a third-party defendant is entitled to costs under NRS 18.020 only if he or she vigorously contested the plaintiff's claims in a manner that contributed to the defendant's victory. The HOA contends that the third-party defendants in this matter did not meet this standard.

This is an issue of first impression in Nevada; thus, we look to outside jurisdictions for guidance. Other jurisdictions have not established a formulaic rule; rather, they have examined the record to determine which party was primarily responsible for spurring the third-party defendant's costs. *See Tejas Dev. Co. v. McGough Bros.*, 167 F.2d 268, 269 (5th Cir. 1948) (determining that the defendant was liable for the third-party defendant's costs on appeal because the majority of the third-party defendant's costs resulted from the third-party complaint); *see also Am. State Bank v. Pace*, 124 F.R.D. 641, 650-51 (D. Neb. 1987) (determining that the plaintiff was responsible for the third-party defendant's costs because the third-party defendant incurred the costs in asserting defenses against the plaintiff's claims). In Idaho, the district court has discretion to determine which party is responsible for a third-party defendant's costs. *Bonaparte v. Neff*, 773 P.2d 1147, 1156 (Idaho Ct. App. 1989). There, the district court must determine which issues are common to the main and third-party actions to determine which parties are functionally adverse, and then the court may award the prevailing party costs and fees relating to those issues. *Id.* Any award must be

proportional "to the third-party defendant's actual and reasonable participation in litigating the common issues." *Id.*

In light of NRS 18.020's statutory language allowing costs against any adverse party and NRCP 14's recognition that third-party defendants may participate in defending against the plaintiff's claims, we find the approach the court set forth in *Bonaparte* persuasive and adopt it to determine whether a third-party defendant is a prevailing party entitled to costs under NRS 18.020. When making such a determination, the district court must determine which party is the third-party defendant's adversary. *See id.* at 1155. If the court's judgment on an issue simultaneously favors the third-party defendant and disfavors the adverse party, the third-party defendant should be considered a prevailing party for NRS 18.020's purposes.

Applying the *Bonaparte* method to this case, we determine that the district court did not abuse its discretion in determining that the third-party defendants were prevailing parties and thus entitled to costs pursuant to NRS 18.020. The HOA and the third-party defendants were adverse parties because the third-party defendants' liability was contingent on the HOA's claims against the Developers. The third-party defendants were the Developers' subcontractors and essentially built the Copper Sands project; thus, all of the construction defect claims directly impacted the third-party defendants. Accordingly, the third-party defendants dedicated a large amount of resources to contest those claims. Further, the court's dismissal favored the third-party defendants because the dismissal absolved them of any liability in the action for construction defects and precluded the HOA from recovering any damages. Under *Bonaparte*, the third-party defendants prevailed against the HOA and

were entitled to costs they incurred in opposing the HOA's construction defect claims. However, the amount of costs is still at issue.

*Amount of costs*

The HOA argues that the district court erred in awarding the third-party defendants all of their requested costs because some costs were unnecessary. The HOA maintains that the district court should not have awarded the third-party defendants any costs incurred after the date the court dismissed the willful misconduct claims because, at that point, all of the construction defect claims were dismissed and the Developers no longer had an indemnity claim against any of the third-party defendants— as only the misrepresentation and fraud claims, which only related to the Developers, remained. Thus, the third-party defendants could have removed themselves from the action, but chose not to do so.

Therefore, further action from the district court is required to resolve this issue. The district court awarded costs for expenses the third-party defendants paid after the district court dismissed the willful misconduct claims. Unfortunately, the record does not reflect whether the third-party defendants incurred these expenses before or after the dismissal of the last remaining construction defect claims. Further, if any of the expenses were incurred after the dismissal of the construction defect claims, the district court must determine whether the expenses were connected to the fraud and misrepresentation claims.

Accordingly, we affirm the district court's summary judgment and post-judgment orders with respect to everything besides the third-party defendants' costs, reverse the costs award to the third-party

defendants, and remand this matter to the district court for further proceedings consistent with this opinion.

_____, J.
Douglas

We concur:

_____, J.
Hardesty

_____, J.
Cherry

